WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Juan Jose Velasquez-Lopez,<br><br>　　　　　Defendant/Movant. | No. CV-14-02166-PHX-GMS (MHB)<br>No. CR 09-01145-PHX-GMS<br><br>**REPORT AND**<br>**RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Defendant/Movant Juan Jose Velasquez-Lopez, who is confined in the Federal Correctional Institution-Victorville in Adelanto, California, has filed a *pro se* Motion under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and has attached to it a Memorandum of Law in Support and an Affidavit in Support. (CV 14–2166 ("CV") Doc. 1; CR 09–1145 ("CR") Doc. 587.) Plaintiff United States of America (the "Government") filed a Response (CV Doc. 4), and Movant filed a reply (CV Doc. 5).

## BACKGROUND

In his motion, Movant asserts four grounds for relief. He alleges that (1) the district court failed to correctly instruct the jury on an entrapment defense; (2) trial counsel rendered ineffective assistance under the Sixth Amendment and *Strickland v. Washington*[1] by failing to request a special entrapment instruction informing the jury that

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

the amount of drugs or the potential profit from their sales cannot on its own establish an inducement supporting entrapment; (3) the district court erred when it failed to instruct the jury on sentencing entrapment, and request a special verdict form concerning sentencing entrapment; and (4) trial counsel rendered ineffective assistance by failing to request a sentencing entrapment instruction informing the jury that it could find Movant guilty of a lesser-included offense if it thought he did not have the capability and intent to deal in that manufactured quantity of drugs. (CV Doc. 3.)

On September 8, 2009, a federal grand jury indicted Movant and his ten codefendants on one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and one count of aiding and abetting possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c) & 2 (CR Doc. 28), based on the following facts:

> In 2009, as part of a Bureau of Alcohol, Tobacco, Firearms and Explosives undercover sting operation targeted at violent, drug-related home invasion crews, undercover agent Richard Zayas ("Zayas") and a confidential informant began investigating suspected drug traffickers in the Phoenix area. (CR Doc. 350, RT 6/10/10 at 9–19.) In June 2009, this informant told Zayas that two of Movant's codefendants, identified as "Jesus" and "Flaco," were involved in violent home invasions. (CR Doc. 350 at 18–19.) Later that month, Zayas met with Jesus and Flaco and posed as a disgruntled drug courier seeking a home-invasion crew to rob cocaine from a stash house. (CR Doc. 350 at 21–25.) Jesus and Flaco told Zayas that they knew someone willing to commit a violent home invasion, and that they would recruit him for Zayas' project. (CR Doc. 350 at 25–26.) Beginning on June 17, 2009, and until Movant's arrest on September 1, 2009, Zayas and the informant met with Movant and various codefendants on at least ten occasions. (CR Doc. 350, RT 6/10/10 26–31, 35–41, 47–56, 60–65, 92–93.) At the final meeting before the planned robbery of the fictitious stash house, law enforcement arrested Movant and his ten codefendants. (CR Doc. 350, RT 6/10/10 at 71–72.)

Before trial, Movant joined in a codefendant's motion to dismiss the indictment because of outrageous government conduct. (CR Doc. 125.) The district court denied the motion.

1   (CR Doc. 268.)  Eight codefendants pleaded guilty, but Movant and two codefendants
2   went to trial. (CR Docs. 116, 160, 188, 195, 199, 208, 276, 308, 314, 316, 320, 543.)  A
3   federal grand jury found Movant and his codefendants guilty as charged on both counts.
4   (CR Docs. 324–26, 328–30.)

5   Before sentencing, a codefendant filed on behalf of all remaining defendants a
6   motion for a joint hearing on sentencing entrapment. (CR Doc. 348.)  Before the hearing,
7   the government filed a memorandum on sentencing entrapment, and recommended, under
8   the authority of USSG § 5K2.0(A)(2), a two-level downward adjustment of the Base
9   Offense Level, which would reduce the amount of cocaine from 15-to-50 kilograms to 5-
10  to-15 kilograms for purposes of sentencing. (CR Doc. 396.)  The district court did not
11  find sentencing entrapment with respect to any potential government inducement of
12  weapons, nor in the amount of drugs charged. (CR Doc. 536, RT 03/16/2011 at 8–9,
13  sentencing hearing of Jorge Lopez-Mejia.) The district court sentenced Movant to the
14  statutory mandatory minimums of 120 months' imprisonment for the conspiracy charge,
15  with a consecutive 60-month term of imprisonment for the charge of aiding and abetting
16  possession of a firearm. (CR Doc. 463.)

17  On direct appeal, Movant raised two issues: (1) whether the district court erred in
18  denying his motion to dismiss the indictment for outrageous government conduct; and (2)
19  whether the district court erred in determining that the government did not engage in
20  sentencing entrapment. (CV Doc. 4 at 4.)  Movant was unsuccessful on both issues.  The
21  Ninth Circuit found that the government's conduct was not outrageous, and found that the
22  government's behavior did not constitute sentencing entrapment. (CV Doc. 4 at 4.)

23  \\\
24  \\\
25  \\\
26  \\\
27  \\\
28

**DISCUSSION**

In Ground One of his 28 U.S.C. § 2255 Motion, Movant alleges that the district court failed to correctly instruct the jury on an entrapment defense. Movant alleges that the entrapment instruction below, modeled after Ninth Circuit Model Criminal Jury Instruction 6.2, and given to the jury at his trial, was erroneous:

> The government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped. The government must prove the following:
>
> 1. the defendant was predisposed to commit the crime before being contacted by government agents, or
>
> 2. the defendant was not induced by the government agent to commit the crime.
>
> Where a person, independent of and before government contact, is predisposed to commit the crime, it is not entrapment if government agents merely provide an opportunity to commit the crime.
>
> Inducement is defined as any government conduct creating a substantial risk that an otherwise law-abiding citizen would commit an offense, including, but not limited to, persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy, or friendship.
>
> In determining whether the defendant was predisposed to commit the crime before being approached by government agents, you may consider the following:
>
> 1) the defendant's character and reputation;
>
> 2) whether the government initially suggested criminal activity;
>
> 3) whether the defendant engaged in activity for profit;
>
> 4) the nature of the government's inducement; and
>
> 5) any other factors related to predisposition.

(CR Doc. 317 at 21.)

Movant alleges that the district court erred when it failed instruct the jury that "the

- 4 -

amount of drugs or the profit that would be derived from their sales cannot on its own establish an inducement supporting entrapment." (CV Doc. 1.) The Ninth Circuit recommended this instruction in *United States v. Cortes*, 757 F.3d 850, 860 (9th Cir. 2013), a case that involved a district court's improper modification of an entrapment instruction after *United States v. Spentz*, 653 F.3d 815 (9th Cir. 2011). In *Cortes*, the Ninth Circuit found that the district court's entrapment instruction "slightly overstated *Spentz*'s holding," and offered the *Spentz* instruction, quoted above, that Movant claims should have been given at his trial.[2]  *Cortes*, 757 F.3d at 860. This argument fails for three reasons. First, *Cortes* was decided over two years after Movant's conviction, and over four months after the Ninth Circuit's decision to affirm on direct appeal.[3] (CV Doc. 1.) *See Teague v. Lane*, 498 U.S. 288, 310 (1989) (holding that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced"); *see also Bousley v. United States*, 523 U.S. 614, 620 (1998) (explaining that, "unless a new rule of criminal procedure is of such a nature that without [it] the likelihood of an accurate conviction is seriously diminished, there is no reason to apply the rule retroactively on habeas review") (internal quotations omitted). Second, *Cortes* does not mandate that this exact *Spentz* instruction be given to the jury for every entrapment defense, only that a *Spentz* instruction, if it is warranted, "may remind the jury that it cannot rest a finding of inducement *solely* on the hope of reaping the typical fruits of the crime." *Cortes*, 757 F.3d at 860. *Spentz* and *Cortes* "concer[n] what the jury may *not* find constitutes entrapment," *id*. at 859, and do not impose mandatory

---

[2] In *Cortes*, the Ninth Circuit took issue with the district court's instruction that "the amount of drugs or the profit that would be derived from their sale *does not constitute* an inducement supporting entrapment." *Cortes*, 757 F.3d at 860 (emphasis added). *Cortes* modified a post-*Spentz* entrapment instructions by replacing "does not constitute" with "cannot on its own establish." *See id*.

[3] *Cortes* was filed on Oct. 9, 2013. Movant was convicted on Mar. 9, 2011, and his conviction was affirmed on direct appeal in May of 2013. (CV Doc. 1.)

- 5 -

additions to Ninth Circuit's Model Jury Instructions on entrapment.[4]  Third, the Ninth Circuit, in a decision after *Cortes*, upheld an identical jury instruction, without the instruction featured in *Cortes*, in a similar case involving a reverse sting operation. *See United States v. Black*, 2013 WL 5738871, at *2 (9th Cir. Oct. 23, 2013) ("The district court did not abuse its discretion in its formulation of the entrapment jury instruction, which mirrored the Ninth Circuit Model Jury Instruction 6.2."). Finally, it is unclear how the omission of the *Cortes* instruction prejudiced Movant during his trial. The *Cortes* entrapment instruction explains what the jury "may *not* find constitutes entrapment," *Cortes* 757 F.3d at 859 (emphasis added), and would have only precluded a potential defense for Movant at trial. The inclusion of the *Cortes* instruction would actually have made Movant worse off at his trial.  Thus, habeas relief is unwarranted because it was, at most, harmless error. *See Neder v. United States*, 527 U.S. 1, 6 (1999) (explaining that "outside of a limited class of fundamental constitutional errors[5]… reviewing courts must apply Rule 52(a)'s harmless-error analysis and must "disregar[d]" errors that are harmless "beyond a reasonable doubt"") (citing *Chapman v. California*, 386 U.S. 18, 24 (1967).

In Ground Two of his Motion, Movant alleges that trial counsel was ineffective for failing to request the entrapment instruction featured in *Cortes*. (CV Doc. 1.)  Again, *Cortes* was decided over two years after Defendant's jury trial, and trial counsel is not ineffective for failing to request this instruction on the basis of the *Cortes* decision.[6]  Trial

---

[4] As the Government notes in its reply brief, (CV Doc. 4 at 9), *Cortes* "suggest[ed] supplementing the model entrapment instruction roughly," and the Ninth Circuit offered additional entrapment instructions as "guidance." *Cortes*, 757 F.3d at 860.

[5] The Supreme Court in *Chapman* was considering "some constitutional rights so basic that their infraction can never be treated as harmless error," *Chapman*, 386 U.S. at 23, which included egregious constitutional rights violations like coerced confession, right to counsel, and impartial judge. *Id*. at 57, n.8.

[6] In both his original motion and reply brief, Movant has yet to present any authority for this claim outside of the *Cortes* opinion. (CV Doc. 1; CV Doc. 5.)

counsel need not anticipate later Ninth Circuit rulings, and counsel's performance must be "evaluated for purposes of the performance standard of *Strickland* 'as of the time of counsel's conduct.'" *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 690). While *Cortes* indeed suggested that the model jury instructions be supplemented going forward, it does not mean that, in cases decided before the *Cortes* opinion was issued, trial counsel is ineffective for failing to include the exact instruction offered in that opinion.

In Ground Three of his Motion, Movant alleges that the district court erred when it failed to instruct the jury on, and request a special verdict form concerning, sentencing entrapment. Defendant argues that a sentencing entrapment instruction, a defense to the drug types and quantities involved in his case, should have been given because it had the potential to change the maximum and minimum sentences. (CR Doc. 587 at 22–24.) Movant also alleges that he was entitled to a special verdict form concerning sentencing entrapment because it may have resulted in a lower statutory sentencing range. (CR Doc. 587 at 23). Movant cites *Cortes* as authority for his claims in Ground Three.

In *Cortes*, the Ninth Circuit held that "sentencing entrapment must be tried to a jury where the defendant's argument and the evidence raise the possibility of changing the applicable statutory maximum or minimum sentences." *Cortes*, 757 F.3d at 863–64. Sentencing entrapment instructions are warranted when there is "evidence from which the jury could find that [the defendant] lacked the intent or the capability to deal even in ... the amount charged in the indictment—or that the government inflated the amount of drugs ... to trigger the statutory minimum or maximum." *Id*. at 864. If no such evidence is presented, a defendant's sentencing entrapment defense will be "cognizable only during sentencing." *Id*. at 864 n.4. In Movant's case, the evidence presented at trial did not compel a sentencing entrapment instruction, and the district court did not err in not requesting a special verdict form.

First, the evidence presented at trial clearly indicates that Movant had both the

capability and the intent to assist in a robbery of at least five kilograms of cocaine. Regarding capability, the district court noted that Movant participated in at least two planned meetings prior to his arrest, had invited another codefendant to assist him, indicated that he knew the plan was to "rob lots of kilos of drugs," was aware that there was a gun in a nearby car, and the whole scenario, in the words of the district court judge, suggested that "others were going to be called in who actually did come to be the principle gunmen on the scene ... so that doesn't suggest to me that there was an inability of means by which to accomplish the scenario if they wanted to knock off the drug house." (CR Doc. 569, RT 03/16/2011 at 5–6, sentencing hearing for Juan Velasquez-Lopez.)  In fact, the Ninth Circuit found that, "even without the government agent, [Movant] and other recruits could have carried out the proposed home robbery." *United States v. Juan Velasquez-Lopez*, 2013 WL 646843, at \*1 (9th Cir. Feb. 22, 2013). Regarding intent, the district court found that there "isn't anything that suggests [] that [the defendant] was hesitant or would not have sought to knock off the drug house if it contained more than 5 kilos of cocaine." (CR Doc, 569, RT 03/16/2011at 5–6, sentencing hearing for Juan Velasquez-Lopez.)  *See United States v. Hurth*, 2014 WL 5475077 at \*7 (C.D. Cal. Oct. 28, 2014) (unpublished) (holding that nothing in the record supported the giving of a sentencing entrapment instruction where the defendant evidenced the intent and capacity to carry out the scheme to commit a robbery of at least five kilograms of cocaine, and nothing showed that the drug quantity was mentioned to enhance anyone's sentence).  Movant has not provided any such evidence in his Motion or his reply to the government's brief.

Second, Movant's defense at trial was that he was involved in a conspiracy to commit a robbery of drugs, not a conspiracy to distribute drugs, as he was charged. (CR Doc. 528, RT 6/9/10 at 213; CR Doc. 530, RT 06/11/2010 at 410–12.)  In presenting this defense, Movant never disputed the amount of drugs involved, and never argued that he was only willing to rob a lesser amount of drugs, or a different kind of drugs. As a result,

the evidence at trial did not raise the possibility of a different sentencing range based on the type or quantity of drugs. *See United States v. Hernandez*, 2013 WL 6184419 at *1 (9th Cir. Nov. 27, 2013) (unpublished) (holding that a sentencing entrapment instruction was not required because the "evidence did not raise the possibility of a different sentencing range because the defendant's theory of defense—that he wanted counterfeit clothing, not drugs—did not include any argument or evidence that he sought a different type or quantity of contraband"). Similarly, Movant was not entitled to a sentencing entrapment instruction because none of the evidence presented during his defense at trial raised the possibility of a different sentencing range on the basis of the type or quantity of drugs involved. Defendant did not argue at trial that the jury should decide any sentencing entrapment issue, perhaps because there is no evidence in the record that Movant, "although predisposed to commit a minor or lesser offense, [was] entrapped in committing a greater offense subject to greater punishment." *United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir. 1994).

Third, the government did not inflate the amount of drugs to trigger the statutory maximum or minimum. Agent Zayas testified that he told Movant that the stash house contained 39 to 42 kilograms of cocaine, (CR Doc. 350, RT 6/10/10 at 83–84), which was a typical amount for a stash house in that area. As the district court found at sentencing, the government's purpose in creating a scenario involving the robbery of a stash house with a large amount of cocaine protected by armed guards was to target individuals who were involved in this type of offense, under similar circumstances, which was not unfair. (CR Doc 536, RT 3/16/11at 9, sentencing hearing for Jorge Lopez-Mejia.) And this was the same kind of scenario Zayas described to Movant. Zayas explained to Movant that they would be committing an armed robbery of around 39 to 42 kilograms of cocaine, and so it was very clear to Movant that the operation involved five kilograms or more of cocaine, the amount at which he was charged. Thus, no sentencing entrapment occurred as to the amount of drugs or the weapons charge. The Ninth Circuit rightly

found that the district court properly rejected any sentencing entrapment claim, and that any error was harmless because the district court departed downward from the sentencing range, giving Movant the equivalent of the sentencing entrapment remedy. *United States v. Velasquez-Lopez*, 2013 WL 646843, at *2 (9th Cir. Feb. 13, 2013).

Lastly, Movant claims that the district court erred when it failed to request a special verdict form concerning sentencing entrapment. However, the jury made specific findings as to the amount of the drugs involved. On the jury verdict form, the jurors were instructed to find the amount of cocaine Movant possessed, and were given three options: (1) 5 kilograms or more; (2) at least 500 grams but less than 5 kilograms; or (3) weighing less than 500 grams. (CR Doc. 326.) Nothing more was needed. The jury verdict clearly indicated that Movant conspired to possess with intent to distribute five kilograms or more of cocaine, and Movant was accordingly sentenced to the statutory minimum sentence. The district court did not err in the jury verdict form it selected, which was adequate to support Movant's conviction and sentence.

In Ground Four of his Motion, Movant alleges that he received ineffective assistance of trial counsel because counsel failed to request a sentencing entrapment instruction that informed the jury that it could find him guilty of a lesser-included offense if it thought he did not have the capability and the intent to deal in that manufactured quantity of drugs. Movant's only authority for this claim is the *Cortes* opinion. In *Cortes*, the Ninth Circuit noted, "[w]e have never held that sentencing entrapment is a jury question, but the Supreme Court's precedent and our own make it clear that it must be." *Cortes*, 757 F.3d at 861. In cases after *Cortes*, "any defenses to those drug types and quantities must be submitted to the jury," *id*., and trial counsel may be ineffective for failing to request a sentencing entrapment instruction in light of the *Cortes* decision. But, again, Movant's trial took place over two years before *Cortes*, and trial counsel's failure to anticipate the *Cortes* opinion does not mean that counsel's representation fell below the objective standard of reasonableness set forth in *Strickland*. *See Hurth*, 2014 WL

5475077, at *6 (9th Cir. Oct. 28, 2014) (unpublished) (holding that defendant's attorney was not ineffective for not requesting a sentencing entrapment instruction because *Cortes* was decided almost three-and-a-half years after defendant's trial, and *Cortes* II acknowledges that it states a new application of *Apprendi*). Rather, "[c]ase law holds that counsel's performance must be judged by the state of the law as of the time of his conduct and does not require counsel to predict changes in the law." *Lowry*, 21 F.3d at 346. And, as previously demonstrated, there was no evidence presented at trial that would have supported a sentencing entrapment instruction.

## CONCLUSION

Having determined that Movant's claims of ineffective assistance of counsel and erroneous jury instructions given by the district court are without merit, the Court will recommend that Movant's Motion to Vacate, Set Aside, or Correct Sentence be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1; CR Doc. 587), be DENIED and DISMISSED WITH PREJUDICE.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be DENIED because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may

result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 3rd day of August, 2015.

Michelle H. Burns
United States Magistrate Judge